# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dina Klein, | Civil File No. 18-cv-949-DWF-ECW |
| | **MEMORANDUM OF LAW<br>IN SUPPORT OF MOTION TO AMEND** |
| The Affiliated Group Inc., and<br>Credit Management, L.P., | |
| Defendants. | |

## <u>INTRODUCTION</u>

Plaintiff Dina Klein seeks leave to file a Second Amended Complaint. The Rules provide for the liberal amendment of pleadings, particularly under the circumstances of this case. Discovery is ongoing and there have been no dispositive motions. The proposed amendment does not significantly alter the landscape of the case, and it was triggered by documents requested by Plaintiff several months ago but produced for the first time by Defendants two days ago. Thus, the proposed amendment does not involve bad faith, undue delay, or prejudice to Defendant. The Court should therefore grant leave to amend.

# FACTS

*The First Amended Complaint*

The First Amended Complaint asserts claims based on, among other things, Credit Management, L.P.'s conduct in sending a billing statement to Ms. Klein seeking to collect an alleged debt on behalf of North Memorial Health Care. Am. Compl., ¶¶ 13-22. Ms. Klein specifically alleged as follows:

> On information and belief, North Memorial did not, as represented in the March 2018 billing statement, turn Ms. Klein's account over to Credit Management for collection after first turning it over to Affiliated.

Am. Comp., ¶ 20.

*The Information Giving Rise to the Proposed Amendment*

Plaintiff's First Set of Document Requests, served on August 27, 2018, sought, among other things, "a copy of any agreements with North Memorial Health Care regarding the placement and/or collection of debts." Declaration of James R. Mayer, ¶ 2. After initially objecting on a number of grounds, Defendants ultimately agreed to produce responsive documents upon entry of a Protective Order. Mayer Decl., ¶ 3.

On the afternoon of Wednesday, November 28, Defendants produced documents responsive to Plaintiff's Document Request No. 3. Mayer Decl., ¶ 4. The documents confirm the accuracy of the allegations in Paragraph 20 of the Amended Complaint. Moreover, the documents reveal that at the time

Credit Management, L.P. sent a billing statement to Ms. Klein indicating that North Memorial Health Care had turned her alleged debt over to Credit Management, L.P., there was no written agreement between North Memorial Health Care and Credit Management, L.P. authorizing the collection of this or any other debt. *Id.*, ¶ 5.

*The Proposed Amendment*

As shown in the redlined Proposed Second Amended Complaint attached to Plaintiff's Motion, the proposed amendments are not voluminous. Rather, Plaintiff merely adds allegations based on the newly-acquired confirmation that Credit Management, L.P. was attempting to collect North Memorial Health Care debt from Ms. Klein without a contract with North Memorial Health Care authorizing such collection. See Proposed Second Amended Compl, ¶¶ 26; 31.

In addition, the Proposed Second Amended Complaint asserts allegations regarding the legal significance of these factual allegations. To wit there is an agreement between North Memorial Health Care and the Minnesota Attorney General, embodied in an Order entered by the Ramsey County District Court, requiring that any debt collector acting on North Memorial's behalf have a written contract with North Memorial containing specific provisions. Proposed Second Amended Compl., ¶¶ 24-25; 27; 29.

This was not the first time the Attorney General Agreement and Ramsey County District Court Order were raised in this case. Indeed, the document is specifically referenced in the Amended Complaint. Am. Compl., ¶ 19. Moreover, the Proposed Second Amended Complaint does not add any new defendants, new counts, or any new provisions of the FDCPA that are not already at issue in this case.

*The Meet and Confer Process*

The morning after receiving Defendants' document production, Ms. Klein's counsel sent a redline version of the Proposed Second Amended Complaint to Defendants' counsel, requesting that Defendants consent to the amendment. Mayer Decl., ¶ 6. Defendants refused to consent to the amendment, on the stated grounds that "1) you are trying to add immaterial claims unknown to Plaintiff regarding the complained of actions and 2) you're not withdrawing the frivolous unsupported claims that were disproven by your own client's testimony." *Id.* Defendants' first ground is difficult to understand, but appears to be an argument based on futility of the amendment. Defendants' second ground is more unusual -- Defendants refuse to consent to the proposed additions to the Amended Complaint because the Proposed Second Amended Complaint does not also remove (unidentified) material that Defendants would like removed.

## **ARGUMENT**

This case is in its early stages.  Discovery is ongoing, no dispositive motions have been brought, and the Court has not yet held a settlement conference.  Under Rule 15 and the case law applying it, leave to amend should be given under these circumstances.

The Federal Rules provide a liberal standard for the amendment of pleadings:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  Applying this rule, the U.S. Supreme Court has explained as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *Becker v. Univ. of Neb.*, 191 F.3d 904, 907-08 (8th Cir. 1999).

None of the grounds justifying denial of leave to amend are present here. There has been no undue delay. Indeed, Ms. Klein brings this motion two days after receiving in discovery the information underlying the proposed amendment. The proposed amendment is not brought in bad faith or for a dilatory motive. There has not been a repeated failure to cure deficiencies, as this is the first amendment sought by Plaintiff since Defendants have answered.

Finally, there is no undue prejudice to Defendant. The proposed amendments do not add any counts to the case, nor do they implicate new sections of the Fair Debt Collection Practices Act, nor do they significantly broaden the landscape of the case. *See Van Shelton v. Van Shelton*, 904 F. Supp.2d 965, 968 (N. D. Iowa 2012) ("And while defendants would no doubt prefer to avoid defending the new and restated claims contained in the second amended complaint, no 'undue' prejudice will result from a timely amendment filed nearly a year before the current trial date.")

Defendants will apparently claim futility. An amendment is futile only if it merely restates the same facts in the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). In applying

this standard, "[l]ikelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker, 191 F.3d at 908.Becker v. Univ. of Neb.*, 191 F.3d 904, 907-08 (8th Cir. 1999).

The proposed amendments do no add any additional counts to the existing Amended Complaint, which Defendants have already answered. The proposed amendments merely flesh out the factual background (confirming the absence of a contract between Credit Management, L.P. and North Memorial Health Care), as well as one of the reasons why Credit Management, L.P.'s collection attempt was improper (violation of the Attorney General Agreement and Ramsey County District Court Order requiring written contracts between North Memorial Health Care and entities purporting to collect on its behalf).

To the extent Defendants claim that the factual allegations in the proposed amendment raise "immaterial," and that such "immaterial" allegations are not actionable, Defendants' argument fails. The allegations in the proposed amendments support claims under 15 U.S.C. § 1692f(1) and 1692e(14). While the Eighth Circuit has never adopted a "materiality" requirement for claims under 1692f or any of its subsections, improper collection under 15 U.S.C. § 1692f(1) is material *per se*. *Demarais v. Gurstel*

*Chargo, P.A. et al.,* 869 F.3d 685 (8ᵗʰ Cir. 2017) held that "[a]ssuming materiality is required, an attempt to collect a debt not owed is a material violation of § 1692f(1)." *Id.* at 699.

The same is true for violations of the plain language of individual subsections of 1692(e). *See Coyne v. Midland Funding LLC*, 2018 U.S. App. LEXIS 19500 (8ᵗʰ Cir. 2018) ("[w]e now hold that a false representation of the amount of a debt that overstates what is owed under state law materially violates 15 U.S.C. § 1692e(2)(A) as well. It is material…because the representation violates the plain language of that subsection….").

Finally, there is no legal support for Defendants' claim that Ms. Klein should not be able to add allegations to her complaint unless she removes allegations as requested by Defendants. All of the case law in this area focuses on the Court's analysis of the proposed amendments, not on the merits of the allegations in the existing complaint.

## <u>CONCLUSION</u>

Leave to amend is to be freely given.  None of the factors justifying

denial of a motion to amend are present.  The Court should therefore grant

the Motion.

DATED: November 30, 2018

By:   /s *Darren Brayer Schwiebert*

Darren Brayer Schwiebert (#260642)
darren@dbslawmn.com
James Richard Mayer (#312241)
jim@dbslawmn.com
DBS Law LLC
301 4th Avenue South, Suite 280N
Minneapolis, MN 55415
612.501.60

Attorneys for Plaintiff
Dina Klein