# DBS LAW LLC
### Darren Brayer Schwiebert, Esq.

January 3, 2019

Honorable Elizabeth Cowan Wright
United States District Court
342 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re: Notice of Supplemental Authority
*Dina Klein v. The Affiliated Group Inc., and Credit Management, LP* , Case No. 18-cv-949(DWF/ECW)

Magistrate Judge Wright,

Plaintiff hereby refers the Court to two Orders issued yesterday by Chief Judge Tunhein as supplemental authority for consideration by the Court: *Dina Klein and Michael Klein v. Stewart Zlimen & Jungers, Ltd.*, Civil Nos. 18-658 (Docket Number 28), and 18-710 (JRT/ECW) (Docket Number 32) ("*SZJ* Orders").

The *SZJ* Orders directly addressed the issue of an FDCPA violation under 15 U.S.C. § 1692f(1) based upon compliance with an Attorney General Agreement/Court Order. Judge Tunheim denied a motion to dismiss brought by the defendant in those cases making the same arguments that Defendants in this case made in opposition to the pending motion to amend, namely that "(1) neither [Defendant] nor the Kleins are party to the AG Agreement, so an act contrary to the AG Agreement by [Defendant] is not a breach or violation; and (2) a private agreement, even one that has been incorporated into a consent order, is not a "law" as contemplated by the FDCPA."  SZJ Orders, p. 10.

Judge Tunheim specifically held that:

> The AG Agreement is not, contrary to Stewart's argument, merely an agreement between two private parties, neither of whom are party to the instant action. The AG Agreement is an agreement between the state of Minnesota and a private party. The special role of the Attorney General as the state's primary legal officer, and the ability of the Attorney General to represent the people of the state in *parens patriae* requires this Court to look beyond the surface of the agreement and

**301 Fourth Ave South, Suite 280N
Minneapolis, Minnesota 55415
Email: JIM@DBSLawMN.com
Phone: 612-418-9764**

> consider whether the Attorney General being party to the agreement confers the force of law on the AG Agreement.
>
> Furthermore, in this unique situation, Allina, Stewart's client, entered into the agreement with the Attorney General to resolve prior collections issues. Thus, the AG Agreement is singularly suited to be considered as a law in this FDCPA case, as it addresses the same subject matter. In the interest of promoting compliance with agreements, and good public policy **the Court holds that the Kleins have met their burden in pleading a violation of § 1692f(1). The Court will deny Stewart's motion regarding this issue.**

*SZJ* Orders at 10 – 11 (emphasis added). The SZJ Orders involved a nearly identical agreement between the Minnesota Attorney General and Allina as the agreement/Court Order asserted in the proposed Amendment in this case between the Minnesota Attorney General and North Memorial Health Care, Defendants' client.

For the same reason as the *SZJ* Orders, Plaintiff's motion to amend in this case should be granted over Defendants' futility argument.

Respectfully submitted,

/James Mayer

James R. Mayer